SO ORDERED.
SIGNED 15th day of January, 2026



THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

Nancy B. King
U.S. Bankruptcy Judge



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| RAVEN SHIVONNE EVANS, ) | CASE NO. 1:25-BK-02419 |
| ) | |
| Debtor, ) | CHAPTER 7 |
| ) | |
| ) | JUDGE NANCY B. KING |
| _____ ) | |
| EVA M. LEMEH, ) | |
| ) | |
| Trustee/Plaintiff, ) | |
| ) | |
| v. ) | ADV. NO. 1:25-ap-90105 |
| ) | |
| RAVEN SHIVONNE EVANS and ) | |
| ROBERT CARTER, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Raven Shivonne Evans, the Debtor, and/or the Debtor purporting to act on behalf of "RSE Irrevocable Living Trust" (collectively hereinafter "Debtor") has filed the following pleadings that are addressed in this Order:

1. "MOTION TO STAY ALL TRUSTEE ACTIONS INCLUDING ANY SALE, MARKETING, OR ADMINISTRATION OF NON-ESTATE TRUST PROPERTY" [D.E. #12].

2. "MOTION TO DISMISS" [D.E. #13].

3. "DEBTOR/PROPOSED INTERVENOR'S MOTION TO STRIKE TRUSTEE'S §363(h) ALLEGATIONS Pursuant to Fed. R. Civ. 12(f), 12(b)(1), 12(b)(6) and FRBP 7012" [D.E. #14].

4. "MOTION TO INTERVENE" [D.E. #15].

5. "MOTION TO FILE AND ADMIT APPENDIX A INTO THE COURT RECORD" [D.E. #16].

6. "MOTION TO FILE AND ADMIT APPENDIX B (MASTER LIST OF AGENTS SUBJECT TO BONDING, LICENSING, OATH, AUTHORITY, AND STANDING VERIFICATION REQUIREMENTS)" [D.E. #17].

7. "MOTION TO FILE APPENDIX C INTO THE COURT RECORD" [D.E. #18].

8. "MOTION TO ADMIT EXHIBITS A-M INTO THE RECORD" [D.E. #19].

9. "MASTER MOTION TO CONSOLIDATE RELATED PROCEEDINGS (Under FRBP 1015, FRCP 42(a), and 11 U.S.C. §105)" [D.E. #20].

10. "MOTION TO REQUIRE THE COURT TO OPERATE IN EQUITY, TO COMPEL DISCLOSURE OF FIDUCIARY AUTHORITY, AND TO REQUIRE ACCOUNTING OF COMMERCIAL AND SECURITIZATION INTERESTS." [D.E. #21].

11. "NOTICE REGARDING EQUITABLE TENDER OF $110,000 INTO CRIS UNDER LBR 7067-1" [D.E. #22].

12. "MOTION TO DEPOSIT REGISTRY FUNDS UNDER LBR 7067-1" [D.E. #23].

13. "NOTICE OF ADVERSE CLAIM AND ASSERTION OF CONSTRUCTIVE TRUST." [D.E. #24].

14. **"NOTICE REGARDING PROPOSED HEARING." [D.E. #25].**

15. **"EXHIBITS" [D.E #27].**

The Debtor has also late filed an Answer to the Complaint [D.E. #10], and a Motion to Extend the Time to file an Answer and Affirmative Defenses [D.E. #11] which will be addressed at the pretrial conference currently set for February 17, 2026, at 10:15 AM, Courtroom 3 via Zoom (audio only).

Many of the pleadings filed by the Debtor are incomprehensible, and for those pleadings where it can be determined the relief sought, the Debtor has not complied with proper procedure and/or seeks relief that cannot be granted or is otherwise inappropriate to grant. The Motions are addressed herein.

### "MOTION TO STAY ALL TRUSTEE ACTIONS INCLUDING ANY SALE, MARKETING, OR ADMINISTRATION OF NON-ESTATE TRUST PROPERTY" [D.E. # 12]

In this Motion, the Debtor seeks a stay preventing the Chapter 7 Trustee from administering certain real property (203 Cross Valley Road, Columbia, Tennessee 38401, hereinafter "real property") because she says she transferred the real property to an irrevocable trust prior to bankruptcy. This Motion is **DENIED**.

Raven Shivonne Evans listed herself as the owner of the real property in her bankruptcy petition and claimed exemption rights in the property.[1] If the Debtor did in

---

[1] Schedule A/B lists property that the Debtor owns and includes 203 Cross Valley Drive as an asset. The Debtor lists her interest as a co-executor of estate. The Debtor attempted to fully exempt the property in her bankruptcy estate, and the Chapter 7 Trustee objected based on the statutory limits for a homestead exemption in Tennessee. The Trustee's objection was sustained, and the Debtor's exemption was limited to $35,000.

3

Case 1:25-ap-90105    Doc 29    Filed 01/15/26    Entered 01/15/26 16:20:06    Desc Main
Document    Page 3 of 7

fact transfer the property prior to bankruptcy and failed to disclose such transfer, then she has filed an untruthful bankruptcy petition, and there are possible legal consequences for such. At the very least, the Debtor's inconsistent positions warrant further investigation by the Chapter 7 Trustee. Moreover, the Debtor has previously argued these same allegations in her spurious attempt to remove the Chapter 7 Trustee [Case No. 1:25-bk-02419, D.E. #47]. After a hearing, the Court denied the Debtor's Motion. [Case No. 1:25-bk-02419, D.E. #55].

To the extent that this Motion seeks injunctive relief or other relief to limit the Trustee's rights to prosecute this adversary proceeding, the Motion is **DENIED**.[2]

### "MOTION TO DISMISS" [D.E. #13] and "DEBTOR/PROPOSED INTERVENOR'S MOTION TO STRIKE TRUSTEE'S §363(h) ALLEGATIONS Pursuant to Fed. R. Civ. 12(f), 12(b)(1), 12(b)(6) and FRBP 7012" [D.E. #14]

The Debtor's Motion to Dismiss is based on the allegation that she transferred the property to a trust prior to bankruptcy and therefore the Court lacks jurisdiction. In her Motion to "Strike the Trustee's §363(h) Allegations," the Debtor relies upon the alleged pre-petition transfer. For all the same reasons that the Motion to Stay at Docket Entry No. 12 is denied, the Court likewise **DENIES** the Motion to Dismiss this adversary proceeding and Motion to "Strike the Trustee's 11 U.S.C. §363(h) Allegations" at Docket Entry Nos. 13 and 14.

---

[2] Furthermore, to the extent that the Trustee seeks to amend the complaint to address any pre-petition transfer of the real property to an irrevocable trust, the Court would allow the complaint to be amended.

### "MOTION TO INTERVENE" [D.E. #15]

Raven Shivonne Evans, as Trustee of the alleged trust, seeks to intervene in this adversary proceeding. While there is a significant question as to whether Evans can represent the alleged trust *pro se*, to the extent it is still necessary, the Court will set this Motion for hearing after it is discussed at the February 17, 2026, pretrial conference.

### "MOTION TO FILE AND ADMIT APPENDIX A INTO THE COURT RECORD" [D.E. #16] and "MOTION TO FILE AND ADMIT APPENDIX B (MASTER LIST OF AGENTS SUBJECT TO BONDING, LICENSING, OATH, AUTHORITY, AND STANDING VERIFICATION REQUIREMENTS)" [D.E. #17], and "MOTION TO FILE APPENDIX C INTO THE COURT RECORD" [D.E. #18], and "MOTION TO ADMIT EXHIBITS A-M INTO THE RECORD" [D.E. #19]

These Motions request permission to file a multitude of documents as part of the "official record" and ask that the documents be "considered in connection with all pending and future motions." The Debtor is not currently restricted from filing pleadings or documents. However, to the extent that the Motions seek to admit the documents as evidence, the Debtor must follow proper procedures and must admit evidence properly in conjunction with each contested matter being heard. The Court therefore takes no action on the Debtor's requests to file documents but **DENIES** the Debtor's Motion to Admit any of the documents as evidence at this time.

### "MASTER MOTION TO CONSOLIDATE RELATED PROCEEDINGS (Under FRBP 1015, FRCP 42(a), and 11 U.S.C. §105)" [D.E.#20]

The Debtor's Motion seeks to consolidate the main case and the adversary proceeding to permit unified discovery, to apply all filings, evidence, and appendices to a

5

Case 1:25-ap-90105    Doc 29    Filed 01/15/26    Entered 01/15/26 16:20:06    Desc Main
Document    Page 5 of 7

consolidated record, and to stay conflicting deadlines. The Motion shows a deep misunderstanding of the bankruptcy process and is indicative of the dangers of *pro se* representation. The adversary proceeding is the litigation consolidation of the sale issue. As the Debtor's Motion seeks no appropriate relief that can or should be granted, the Motion is **DENIED**.

### "MOTION TO REQUIRE THE COURT TO OPERATE IN EQUITY, TO COMPEL DISCLOSURE OF FIDUCIARY AUTHORITY, AND TO REQUIRE ACCOUNTING OF COMMERCIAL PAND SECURITIZATION INTERESTS." [D.E. #21]

In this Motion, the Debtor seeks to "affirm" that the Court will operate in equity and pursuant to equitable principals; that the Trustee be required to produce documentation to show her authority; that a third-party ("LoanCare, LLC and Lakeview Loan Servicing, LLC") be required to demonstrate standing and make certain disclosures, and that the Court recognize the real property is not estate property. To the extent these assertions are even comprehensible, this Motion is **DENIED**. To the extent that the Debtor seeks to bind a non-party to any obligation, the Debtor may not do so.

### "NOTICE REGARDING EQUITABLE TENDER OF $110,000 INTO CRIS UNDER LBR 7067-1" [D.E. #22] and "MOTION TO DEPOSIT REGISTRY FUNDS UNDER 7067-1" [D.E. #23]

The Debtor (possibly) seeks to deposit funds into the Court of $110,000 for the benefit of LoanCare, LLC "in connection with the resolution of the pending dispute over real property located at 203 Cross Valley Drive." LoanCare, LLC is not a party to this adversary proceeding. The pending adversary proceeding involves the Chapter 7

6

Trustee's request to sell the subject property via partition with a non-debtor co-owner. Accordingly, the Court **DENIES** the Debtor's Motion to Deposit Registry Funds and takes no action on the accompanying "notice" of such. [D.E. #22].

**"NOTICE OF ADVERSE CLAIM AND ASSERTION OF CONSTRUCTIVE TRUST." [D.E. #24] and "NOTICE REGARDING PROPOSED HEARING." [D.E. #25] and "EXHIBITS" [D.E #27]**

The Debtor filed various documents styled "Notice" and numerous documents styled "Exhibits." The Court notes that Docket Entry No. 25 is procedurally improper and does not in any way set a hearing or require a response from an opposing party. The Court finds that no action is required for the documents filed at Docket Entry Nos. 24, 25, 26 (a Certificate of Service), and 27.

**SUMMARY OF RULING**

To avoid any confusion, all the Debtor's Motions/Requests at Docket Entry Nos. 12, 13, 14, 16, 17, 18, 19, 20, 21, and 22 are **DENIED**. No action will be taken as to Docket Entry Nos. 23, 24, 25, 26, and 27. Docket Entry Nos. 11 and 15 will be discussed at the pretrial conference.

**IT IS SO ORDERED.**

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.